**FOR PUBLICATION**

```
            IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS AND ST. JOHN

                                    )
THE CHASE MANHATTAN BANK N.A.,      )
                                    )
         Plaintiff,                 )
                                    )
                                    )
         v.                         )    Civil No. 1993-29
                                    )
WINETTA BOYD HODGE STAPLETON, f/k/a )
WINETTA BOYD HODGE, a/k/a WINETTA C.)
STAPLETON, and THE UNITED STATES OF )
AMERICA SMALL BUSINESS              )
ADMINISTRATION,                     )
                                    )
         Defendants.                )
_____)
```

**ATTORNEYS:**

**Nancy E Desimone, Esq.**
St. Thomas, U.S.V.I.
　　*For the plaintiff, the Chase Manhattan Bank N.A.,*

**Richard H. Dollison, Esq.**
St. Thomas, U.S.V.I.
　　*For cross-claimant LPP Mortgage, Ltd. f/k/a/ Loan*
　　*Participant Partners,*

**Joycelyn Hewlett, AUSA**
St. Thomas, U.S.V.I.
　　*For defendant the United States of America Small Business*
　　*Administration,*

**Henry C. Smock, Esq.**
St. Thomas, U.S.V.I.
　　*For defendant Winetta Boyd Hodge Stapleton, f/k/a Winetta*
　　*Boyd Hodge, a/k/a Winetta C. Stapleton.*

*Chase Manhattan Bank N.A. v. Stapleton*
Civil No. 1993-29
Memorandum Opinion
Page 2

## **MEMORANDUM OPINION**

**GÓMEZ, C.J.**

Before the Court is the motion of LPP Mortgage, Ltd. f/k/a/ Loan Participant Partners ("LPP") for summary judgment against the Internal Revenue Service of the United States of America ("IRS") and the Government of the Virgin Islands Bureau of Internal Revenue ("IRB").

### **I.   FACTS**

On November 5, 1993, this Court entered a Default Judgment in the above-captioned matter. That Judgment found that the plaintiff Chase Manhattan Bank N.A. ("Chase") held a first priority lien on certain real property described as Parcel No. 1W-F Estate Bethany, No. 6 Cruz Bay Quarter, St. John, U.S. Virgin Islands, as described on PWD Drawing No. F9-3439-T76, dated June 15, 1976 (the "Property"). It also found that the cross-claimant, the United States of America Small Business Administration ("SBA") held second and third priority liens against the Property. The Judgment directed the United States Marshals to sell the Property at a public auction.

The November 5, 1993, Judgment awarded to Chase $106,131, plus interest and late charges, to be recovered from the defendant Winetta Boyd Hodge Stapleton, f/k/a Winetta Boyd Hodge, a/k/a Winetta C. Stapleton ("Stapleton"). It also directed

Stapleton to reimburse Chase in the amount of $5423.20. Additionally, the Judgment awarded to the SBA $13,783.12, plus interest, in connection with its second priority lien against the Property and $37,518.35, plus interest, in connection with its third priority lien, to be recovered from Stapleton.

In July, 2003, and June, 2004, the IRB recorded several income tax liens against Stapleton, totaling $98,340.26. On November 29, 2004, the IRS recorded a federal income tax lien against Stapleton in the amount of $39,884.58, as Document No. 2004010048.

On September 29, 2005, LPP filed a motion to set aside the November 5, 1993, Judgment and to amend the cross-claim of the SBA. In that motion, LPP stated that it had acquired the SBA's interest in the November 5, 1993, Judgment.

On January 11, 2007, the United States Magistrate Judge entered an order granting LPP's motion. That order stated:

> The Judgment and Order of Foreclosure dated November 5, 1993 is hereby set aside for the purpose of allowing LPP to amend its cross-claim to join U.S. Virgin Islands Bureau of Internal Revenue and the Internal Revenue Service of the United States of America in accordance with 28 V.I.C. § 522, and reflect the substitution of parties of LPP Mortgage, Ltd. in place of the U.S. Small Business Administration. No other aspect of the Judgment is vacated.
> The requirements of LRCi 15.1 are hereby waived as futile. The First Amended Cross-claim is hereby entered and deemed filed as of the date of this Order. The caption is to be amended as noted on the First Amended Cross-claim. The Clerk of the Court is hereby directed to execute and

*Chase Manhattan Bank N.A. v. Stapleton*
Civil No. 1993-29
Memorandum Opinion
Page 4

> return the summonses . . . for service upon the appropriate entities.

(Order 1-2, Jan. 11, 2007.)

The IRS subsequently filed an answer to LPP's First Amended Cross-claim (the "Amended Cross-claim"). The IRB filed an answer to the Amended Cross-claim as well as its' own cross-claim against Stapleton (the "IRB Cross-claim"). The IRB avers that Stapleton owes it for "assessed but unpaid income and gross receipts taxes plus the accrued penalties and interest . . . ." (IRB Cross-claim ¶ 4, May 10, 2007.) The IRB Cross-claim also states that the IRB is entitled to foreclose upon its tax liens against Stapleton. The IRB requests that the Court: (1) "order the priority of the liens involved in this action," (2) foreclose the liens, (3) order "that the proceeds of any sale of the subject property be applied first toward the payment of all outstanding income taxes and accrued penalties plus interest," and (4) that the Court "award [the IRB] all costs and attorneys' fees associated with this litigation." (*Id*. at ¶¶ (1)-(4).)

Thereafter, LPP filed the instant motion for summary judgment. In consideration of the pending summary judgment motion, various procedural and substantive issues arise.

*Chase Manhattan Bank N.A. v. Stapleton*
Civil No. 1993-29
Memorandum Opinion
Page 5

## II.  ANALYSIS

### A.  Authority of the Magistrate Judge

A magistrate may hear and determine most non-dispositive matters pending before the court. *See* 28 U.S.C. § 636(b)(1)(A);[1] Fed. R. Civ. P. 72(a);[2] LRCi 72.1.  For dispositive pretrial and post-trial matters, "the magistrate is authorized only to hold an evidentiary hearing on the matter, . . . propose . . . findings of fact and to recommend a disposition of the matter[,] . . . . subject to *de novo* review by the district court." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 925 F.2d 853, 854-55

---

[1]  The relevant portion of 28 U.S.C. § 636 ("Section 636") provides:

> Notwithstanding any provision of law to the contrary --
> (A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, . . . to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.  A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A).

[2]  Federal Rule of Civil Procedure 72(a) permits magistrate judges to resolve nondispositive disputes. *See* Fed. R. Civ. P. 72(a); *Nicholas v. Wyndham Int'l, Inc.*, 224 F.R.D. 370, 371 (D.V.I. 2005) (citing *Nat'l Gateway Telecom, Inc. v. Aldridge*, 701 F. Supp. 1104, 1119 (D.N.J. 1988), *aff'd* 879 F.2d 858 (3d Cir. 1989).

*Chase Manhattan Bank N.A. v. Stapleton*
Civil No. 1993-29
Memorandum Opinion
Page 6

(5th Cir. 1991) (referring to the dispositive matters described in Section 636(b)(1)(B)). Additionally, "if the parties consent, under [Section] 636(c) a magistrate may conduct any and all proceedings in any civil matter referred to it by the district court, including trial, and enter judgment for the court." *Id.* Absent consent by all parties, dispositive matters such as LPP's motion to set aside the November 5, 1993, Judgment may only be resolved by a district judge, as the magistrate judge lacks the authority to set aside prior decisions of a district judge. *See* 28 U.S.C. § 636(c)(1); *Nat'l Labor Relations Bd. v. Frazier*, 966 F.2d 812, 816 n.2 (3d Cir. 1992) (explaining that a magistrate judge may not resolve dispositive matters unless all parties to the litigation consent); *Parks By and Through Parks v. Collins,* 761 F.2d 1101, 1105-07 (5th Cir. 1985) (holding that the magistrate judge lacked authority to decide a Rule 60(b) motion to set aside a default judgment entered by a district judge absent consent of the parties and a referral by the district court); *cf. Taylor v. Nat'l Group of Co.'s, Inc.,* 765 F. Supp. 411, 413-14 (N.D. Ohio 1990) ("It is simply not the case that a magistrate's jurisdiction is, by fiat, somehow merged with that of the district judge to an extent sufficient to vest the magistrate with the authority to reconsider and set aside or alter prior decisions of the district judge.").

*Chase Manhattan Bank N.A. v. Stapleton*
Civil No. 1993-29
Memorandum Opinion
Page 7

There is no evidence in the record that the parties in this matter consented to the Magistrate Judge's exercise of the Court's jurisdiction to set aside the November 5, 1993, Judgment. Nor does the record reflect a referral by the district judge of that motion.[3] The Magistrate Judge therefore lacked jurisdiction to determine LPP's motion to set aside the November 5, 1993 Judgment. *See, e.g., Collins,* 761 F.2d at 1106 ("[T]he magistrate did not have authority . . . to grant the Rule 60(b) motion for two reasons. First, . . . is the lack of any order of reference from the district judge. . . . Second, . . . we find no indication that the parties to the garnishment action consented to have the magistrate rule on the 60(b) motions.").

Accordingly, the Court will vacate the January 11, 2007, order and decide the motion to set aside *de novo*. *See First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995-97 (10th Cir. 2000) (holding that, because all parties failed to consent to the magistrate judge's authority to enter a dispositive order, the district court was required to conduct a *de novo* review of the determination of the basis for such order); *Collins,* 761 F.2d at 1107 ("Should the district court conclude no such authority

---

[3] Indeed, even if there was a referral by the district judge, the record does not reflect the acceptance of a report and recommendation on the motion to set aside.

*Chase Manhattan Bank N.A. v. Stapleton*
Civil No. 1993-29
Memorandum Opinion
Page 8

existed, it would then be proper for it to vacate the magistrate's order and proceed to decide the motions anew."); *Business Credit Leasing, Inc. v. City of Biddeford,* 770 F. Supp. 31, 32 n.1 (D. Me. 1991) (holding that *de novo* review of the magistrate judge's ruling on the third-party defendant's motion to set aside its default on third-party complaint because the motion was ultimately dispositive of all of the third-party defendant's defenses); *cf.* Fed. R. Civ. P. 72(b) ("The district judge . . . shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.").

**B.   Federal Rule of Civil Procedure 60(b)**

A party may move to set aside an order or judgment of the Court pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") on grounds of:

   (1) mistake, inadvertence, surprise, or excusable neglect;

   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

   (4) the judgment is void;

*Chase Manhattan Bank N.A. v. Stapleton*
Civil No. 1993-29
Memorandum Opinion
Page 9

>   (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (2007).

That reason does not seem to fit within any grounds enumerated in subsections (1)-(5) of Rule 60(b). Rather, LPP moves to set aside the November 5, 1993, Judgment in order to join as defendants parties that recorded liens against the Property after the entry of the Judgment. Therefore, LPP's motion falls under subsection (6) of Rule 60(b).

Rule 60(b) motions not based on fraud, mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence must be made within a "reasonable time" after entry of the underlying judgment. *Id.* at (c)(1); *see also Delzona Corp. v. Sacks*, 265 F.2d 157, 159 (3d Cir. 1959) ("What constitutes a 'reasonable time' under Rule 60(b) is to be decided under the circumstances of each case."). "A motion under Rule 60(b)(6) filed more than a year after final judgment is generally untimely unless 'extraordinary circumstances' excuse the party's failure to proceed sooner." *Gordon v. Monoson,* 239 Fed. Appx. 710, 713 (3d Cir. 2007).

*Chase Manhattan Bank N.A. v. Stapleton*
Civil No. 1993-29
Memorandum Opinion
Page 10

    Assuming, *arguendo*, that LPP properly stood in the shoes of the SBA with respect to this litigation, LPP filed its Rule 60(b)(6) motion approximately thirteen years after the entry of the judgment it sought to set aside. The motion explained that, on March 18, 2002, the SBA assigned its interest in the November 5, 1993, judgment to LPP and that the assignment was recorded with the Recorder of Deeds for the District of St. Thomas and St. John, United States Virgin islands (the "Recorder") on April 19, 2002, as Document No. 2002001940. The motion further stated that, "[i]n preparing a renewed request for a writ of execution, LPP caused an updated title search to be performed. That title search for the Property revealed a number of subordinate liens recorded subsequent to the November 5, 1993, judgment." (Motion to Set Aside Judgment ¶ 9, Sept. 29, 2006.) That circumstance is not extraordinary. Indeed, with the passage of time, any given property may acquire liens. LPP has not presented, nor is the Court aware of, any law or case that regards such a circumstance as unique in the Rule 60(b)(6) context or in any context. In sum, LPP has failed to demonstrate any circumstances that would warrant a thirteen-year delay in moving to set aside a judgment.

    Accordingly, the Court finds that LPP's Rule 60(b)(6) motion was untimely. *See, e.g., Moolenaar v. Gov't of the V.I.,* 822 F.2d 1342, 1346-48 (3d Cir. 1987) (finding that the movant failed to

*Chase Manhattan Bank N.A. v. Stapleton*
Civil No. 1993-29
Memorandum Opinion
Page 11

present extraordinary circumstances that would justify granting a Rule 60(b)(6) motion filed almost two years after the original judgment); *Friedman v. Wilson Freight Forwarding Co.*, 320 F.2d 244, 246 (3d Cir. 1963) (finding that a motion made pursuant to subsections (4), (5), and (6) of Rule 60(b) was untimely when filed thirteen months after the judgment was entered); *Delzona Corp.*, 265 F.2d at 159 (holding that a Rule 60(b)(6) motion filed seventeen-months after entry of the underlying judgment was untimely).

### III.   CONCLUSION

For the foregoing reasons, the Court will vacate the January 11, 2007, order setting aside the November 5, 1993, Judgment. Additionally, the Court will deny LPP's Rule 60(b) motion. The Amended Cross-claim filed by LPP, the answer filed by the IRS, as well as the answer and cross-claim of the IRB will be stricken from the record in this matter. Finally, the Court will deny LPP's motion for summary judgment as moot. An appropriate Judgement follows.

S\_____
**CURTIS V. GÓMEZ**
**Chief Judge**

**FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| THE CHASE MANHATTAN BANK N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil No. 1993-29 |
| | ) | |
| WINETTA BOYD HODGE STAPLETON, f/k/a | ) | |
| WINETTA BOYD HODGE, a/k/a WINETTA C. | ) | |
| STAPLETON, and THE UNITED STATES OF | ) | |
| AMERICA SMALL BUSINESS | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendants. | ) | |

**ATTORNEYS:**

**Nancy E Desimone, Esq.**
St. Thomas, U.S.V.I.
   *For the plaintiff, the Chase Manhattan Bank N.A.,*

**Richard H. Dollison, Esq.**
St. Thomas, U.S.V.I.
   *For cross-claimant LPP Mortgage, Ltd. f/k/a/ Loan
   Participant Partners,*

**Joycelyn Hewlett, AUSA**
St. Thomas, U.S.V.I.
   *For defendant the United States of America Small Business
   Administration,*

**Henry C. Smock, Esq.**
St. Thomas, U.S.V.I.
   *For defendant Winetta Boyd Hodge Stapleton, f/k/a Winetta
   Boyd Hodge, a/k/a Winetta C. Stapleton.*

*Chase Manhattan Bank N.A. v. Stapleton*
Civil No. 1993-29
Judgment
Page 2

## JUDGMENT

**GÓMEZ, C.J.**

Before the Court is the motion of LPP Mortgage, Ltd. f/k/a/ Loan Participant Partners ("LPP") for summary judgment against the Internal Revenue Service of the United States of America ("IRS") and the Government of the Virgin Islands Bureau of Internal Revenue ("IRB"). For the reasons stated in the accompanying Memorandum Opinion of even date, it is hereby

**ORDERED** that the January 11, 2007, order setting aside the November 5, 1993, Judgment is **VACATED;** it is further

**ORDERED** that LPP's motion to set aside the November 5, 1993, Judgment is **DENIED;** it is further

**ORDERED** that the Amended Cross-claim filed by LPP, the answer filed by the IRS, as well as the answer and cross-claim of the IRB are **STRICKEN** from the record in this matter**;** and it is further

**ORDERED** that LPP's motion for summary judgment is **DENIED** as moot.

S\_____
**CURTIS V. GÓMEZ**
**Chief Judge**