**FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| THE CHASE MANHATTAN BANK N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1993-29 |
| | ) | |
| WINETTA BOYD HODGE STAPLETON, f/k/a WINETTA BOYD HODGE, a/k/a WINETTA C. STAPLETON, and THE UNITED STATES OF AMERICA SMALL BUSINESS ADMINISTRATION, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ATTORNEYS:**

**Nancy E Desimone, Esq.**
St. Thomas, U.S.V.I.
  *For the plaintiff, the Chase Manhattan Bank N.A.,*

**Richard H. Dollison, Esq.**
St. Thomas, U.S.V.I.
  *For cross-claimant LPP Mortgage, Ltd. f/k/a/ Loan*
  *Participant Partners,*

**Joycelyn Hewlett, AUSA**
St. Thomas, U.S.V.I.
  *For defendant the United States of America Small Business*
  *Administration,*

**Henry C. Smock, Esq.**
St. Thomas, U.S.V.I.
  *For defendant Winetta Boyd Hodge Stapleton, f/k/a Winetta*
  *Boyd Hodge, a/k/a Winetta C. Stapleton.*

*Chase Manhattan Bank N.A. v. Stapleton*
Civil No. 1993-29
Order
Page 2

**ORDER**

**GÓMEZ, C.J.**

Before the Court is the motion of LPP Mortgage, Ltd. f/k/a/ Loan Participant Partners ("LPP") for reconsideration of this Court's May 29, 2008, Judgment.

**I.   FACTS**

On November 5, 1993, this Court entered a Default Judgment in the above-captioned matter against the defendant, Winetta Boyd Hodge Stapleton, f/k/a Winetta Boyd Hodge, a/k/a Winetta C. Stapleton ("Stapleton").  The Court found that the plaintiff, Chase Manhattan Bank N.A. ("Chase") held a first priority lien on certain real property owned by Stapleton.  It also found that the cross-claimant, the United States of America Small Business Administration ("SBA") held second and third priority liens against the property.  The Judgment directed the United States Marshals to sell the property at a public auction.

The November 5, 1993, Judgment awarded the SBA $13,783.12, plus interest, on its cross claim for the debt secured by its second priority lien against the property.  It also awarded the SBA $37,518.35, plus interest, on its cross claim for the debt secured by its third priority lien.

On March 18, 2002, LPP acquired the SBA's interest in the November 5, 1993, Judgment.

*Chase Manhattan Bank N.A. v. Stapleton*
Civil No. 1993-29
Order
Page 3

On September 29, 2005, LPP filed a motion to set aside the November 5, 1993, Judgment and to amend the cross-claim of the SBA. The basis for the motion was that LPP wished to substitute itself for the SBA in the SBA's cross-claims, and to join subsequent lien holders as defendants before selling the property. On January 11, 2007, the United States Magistrate Judge entered an order granting LPP's motion. The January 11, 2007, order stated that the November 5, 1993, Judgment was set aside, *inter alia,* for purposes of allowing LPP to amend its cross-claim to join as defendants the U.S. Virgin Islands Bureau of Internal Revenue ("IRB") and the Internal Revenue Service of the United States of America ("IRS"), who had recorded tax liens on the property subsequent to the November 5, 1993, Judgment. LPP thereafter moved for summary judgment on its cross-claim.

On May 29, 2008, this Court entered a Judgment vacating the Magistrate Judge's January 11, 2007, order. The Court conducted a *de novo* review of LPP's motion to set aside the November 5, 1993, Judgment*,* and denied the motion. The May 29, 2008, Judgment also ordered LPP's cross-claim, the IRS's answer, and the IRB's answer and cross-claim stricken from the record. Finally, the May 29, 2008, Order denied LPP's motion for summary judgment on its cross-claim as moot.

*Chase Manhattan Bank N.A. v. Stapleton*
Civil No. 1993-29
Order
Page 4

Now, LPP moves for reconsideration of the May 29, 2008, Judgment. LPP argues that the Court's May 29, 2008, Judgment results in manifest injustice to LPP.

## II. ANALYSIS

Under Local Rule of Civil Procedure 7.3 ("Local Rule 7.3"), a party may file a motion for reconsideration "within ten (10) days after the entry of the order or decision." LRCi 7.3 (2008). A motion for reconsideration must be based on: (1) "intervening change in controlling law;" (2) "availability of new evidence," or; (3) "the need to correct clear error or to prevent manifest injustice." *Id.* The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Such motions are not substitutes for appeals, and are not to be used as "a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic v. AT&T of the Virgin Islands*, 312 F. Supp. 2d 731, 733, 45 V.I. 553 (D.V.I. 2004).

Title 5, section 488 of the Virgin Islands Code ("Section 488") requires that a judgment creditor seeking execution five or more years after entry of the judgment must obtain leave of the

*Chase Manhattan Bank N.A. v. Stapleton*
Civil No. 1993-29
Order
Page 5

court by motion.[1]  Because LPP sought to execute on the November 5, 1993, Judgment over five years after its entry, it was required to obtain leave of the Court to do so.  On May 16, 2002,

---

[1]  Section 488 provides, in relevant part:

Whenever, after the entry of judgment, a period of five years shall elapse without an execution being issued on such judgment, thereafter an execution shall not issue except as in this section provided:

(1) The party in whose favor a judgment was given shall file a motion with the clerk of the court where the judgment was entered for leave to issue an execution. The motion shall state the names of the parties to the judgment, the date of its entry, and the amount claimed to be due thereon, or the particular property on which the possession was thereby adjudged to such party remaining undelivered. The motion shall be subscribed and verified in like manner as a complaint in an action.

(2) At any time after filing such motion the party may cause a summons to be served on the judgment debtor in like manner and with like effect as in an action. In case such judgment debtor is dead, the summons may be served upon his representative by publication as in the case of a non-resident, or by actual service of the summons.

(3) The summons shall be substantially the same as in an action, but instead of a notice therein required it shall state the amount claimed or the property sought to be recovered, in the manner prescribed in subdivision (1) of this section.

. . .

(6) The order shall specify the amount for which execution is to issue, or the particular property possession of which is to be delivered; it shall be entered in the minutes and docketed as a judgment.

V.I. CODE ANN. tit. 5, § 488.

*Chase Manhattan Bank N.A. v. Stapleton*
Civil No. 1993-29
Order
Page 6

LPP moved this Court for leave to execute on the November 5, 1993, Judgment. In July, 2003, and June, 2004, during the pendency of LPP's motion for leave to execute, the IRB recorded numerous tax liens against the property based on debts owed by Stapleton. On November 29, 2004, also during the pendency of LPP's motion for leave to execute, the IRS recorded a federal income tax lien against the property based on Stapleton's debt. LPP's motion for leave to execute on the November 5, 1993, Judgment remains pending as of the date of this Order. LPP contends that the Court's delay in granting leave to execute prevented LPP from being able to sell the property free of the tax liens. LPP thus claims that it is entitled to have the November 5, 1993, Judgment set aside to allow it to foreclose upon tax liens placed against the property ten and eleven years subsequent to the entry of the judgment.

However, LPP does not argue that the November 5, 1993, Judgment is defective in any way. Nor does LPP claim that the Judgment is void for any reason. LPP cites no error in the proceedings leading up to the Judgement, or in the Judgment itself. LPP has not offered, nor is the Court aware of any valid legal authority for setting aside an otherwise sound judgment of foreclosure after its entry simply because subsequent liens are placed on the subject property before it is sold. The

*Chase Manhattan Bank N.A. v. Stapleton*
Civil No. 1993-29
Order
Page 7

circumstance of a subsequent lien being recorded against a foreclosed property is not extraordinary, and does not constitute grounds for setting aside the November 5, 1993, Judgment. *Cf. Shaw v. AAA Eng'g & Drafting Inc.*, No. 03-6252, 2005 U.S. App. LEXIS 10947 (10th Cir. Jun. 8, 2005) (unpublished) (noting that because Rule 60(b) allows a court to relieve a party from final judgment, "Rule 60(b) does not provide a mechanism to amend a judgment in order to join additional parties"); *Aldon Industries, Inc. v. Don Myers & Associates, Inc.*, 547 F.2d 924, 927 (5th Cir. 1977) ("Where a judgment is without omissions, and is not void, this Court has held that the district court is without power to alter the judgment."). Indeed, it would seriously undermine the Court's interest in finality to allow parties to set aside foreclosure judgments under such circumstances. While the Court is sympathetic to the position of LPP, it does not find that the May 29, 2008, Judgment denying LPP's motion to set aside results in manifest injustice to LPP.

LPP also argues that the May 29, 2008, Judgment erroneously prevents the joinder of subordinate lien holders in contravention of title 28, section 532 of the Virgin Islands Code ("Section 532"). Pursuant to Section 532,

> Any person having a lien subsequent to the plaintiff upon the same property or any part thereof, or who has given a promissory note or other personal obligation for the payment

*Chase Manhattan Bank N.A. v. Stapleton*
Civil No. 1993-29
Order
Page 8

> of the debt or any part thereof, secured by the mortgage or other lien which is the subject of the action, shall be made a defendant in the action. Any person having a prior lien may be made defendant at the option of the plaintiff, or by the order of the court when deemed necessary.

28 V.I.C. § 532. Section 532 clearly requires that subsequent lienholders be joined as mandatory parties to pending foreclosure actions. *See Chase Manhattan Bank v. James A. Ruan*, Inc., 18 V.I. 380, 383 (D.V.I. 1981) ("As the lien of the Government of the Virgin Islands is subsequent to that of the plaintiff, the Government is a mandatory party in this action for foreclosure of a lien. . . ."). However, it does not permit a perfectly valid judgment to be set aside merely because a lien is placed on the property after the entry of the judgment. If LPP had an action pending to foreclose upon the property, then it would be required to join subordinate lien holders under Section 532. Those are not, however, the circumstances of this case. Since a final judgment has been entered, and LPP has no pending foreclosure action, Section 532 is inapplicable. Under these circumstances, the Court did not clearly err by precluding the joinder of junior lien holders.

### III. CONCLUSION

LPP has failed to show manifest injustice or clear error with respect to the dismissal of Counts Two or Four. Rather, they essentially seek to reargue matters already addressed by the Court. Accordingly, it is hereby

*Chase Manhattan Bank N.A. v. Stapleton*
Civil No. 1993-29
Order
Page 9

**ORDERED** that LPP's motion for reconsideration is **DENIED.**

S_____
**CURTIS V. GÓMEZ**
**Chief Judge**